Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 11 2013, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE:

**MARY BETH MOCK**
Law Office of Mary Beth Mock
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE PATERNITY OF | ) | |
| R.M., a minor | ) | |
| | ) | |
| B.M., | ) | |
| | ) | |
| Appellant, | ) | No. 39A01-1209-JP-441 |
| | ) | |
| vs. | ) | |
| | ) | |
| A.T., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE JEFFERSON CIRCUIT COURT
The Honorable Alison T. Frazier, Special Judge
Cause No. 39C01-1108-JP-31

**June 11, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

R.M., the son of B.M. ("Father") and A.T. ("Mother"), was removed from Mother's care in August 2011 after the Department of Child Services ("DCS") filed a Child in Need of Services ("CHINS") Petition. R.M. was then placed in the custody of Father. On August 30, 2011, Father filed a Petition to Modify Custody of R.M. with the Jefferson Circuit Court. After the close of evidence, the Guardian Ad Litem ("GAL") filed a supplemental report ("Supplemental GAL Report"). On August 31, 2012, the trial court denied Father's petition to modify custody and ordered that Mother should retain primary physical custody of R.M. Father now appeals and argues that the trial court denied Father due process by considering the Supplemental GAL Report that was filed after the close of evidence.

We reverse and remand.

### Facts and Procedural History

R.M. was born in March of 1998 to Father and Mother. In 2003, Mother and R.M. moved out of the home they shared with Father into a safe house and then they eventually moved to Indiana. On November 16, 2007, the Third Judicial Circuit in South Carolina granted Mother and Father joint legal custody of R.M. and granted Mother primary physical custody. R.M. and Mother resided in Jefferson County, Indiana from approximately 2003 until August 19, 2011.

In March 2011, DCS began an initial assessment regarding Mother's care of R.M. due to concerns of educational neglect. Tr. p. 94. R.M. had missed school sixty days of school in the 2010-2011 school year. Tr. p. 63. R.M. had also missed at least twenty-nine days of school per year since he started in the Jefferson County schools in 2004. Tr.

pp. 64-65. He missed school in part due to illnesses, including sicknesses caused by the mold contained in the home he lived in with Mother. In addition, at this time, Mother was suffering from depression and the side effects of her medication for that depression.

On August 18, 2011, the Department of Child Services ("DCS") recommended that R.M. be placed in Father's custody after R.M. started the 2011-12 school year and attended school for three days but then missed three days of school. Tr. pp. 69, 96. As a result, for the 2011-2012 school year, R.M. resided with Father in South Carolina along with Father's Wife ("J.M.") and his stepdaughter. While living with Father, R.M. missed seven days of school—two days for the court hearing, two days for the dentist, and three days for a church trip. Tr. p. 17.

On August 30, 2011, Father filed a Petition to Modify Custody claiming that there was a substantial and continuing changes based upon the educational neglect. Father also filed a Motion to Assume Jurisdiction, claiming that Indiana was now R.M.'s home state. In December 2011, Mother moved into the home where she still currently resides, and the home is free of mold. On March 20, 2012, Marita Berry ("Berry") was appointed Guardian Ad Litem ("GAL") for R.M.

On May 9, 2012, the trial court held a hearing on Father's Petition to Modify Custody. Berry testified at the hearing, and the court took judicial notice of her report ("GAL Report"). In the GAL Report, which was filed May 9, 2012, Berry recommended that R.M. should remain with Father and have liberal visitation with Mother. Appellant's App. p. 36. She also recommended that the custody arrangement should be revisited in a year. Id. However, on August 14, 2012, Berry filed a supplemental report

3

("Supplemental GAL Report"). Appellant's App. pp. 37-38. In the Supplement GAL Report, Berry advised that there was instability in the current placement with Father, because the stepmother and stepdaughter were reportedly moving out of the home and there were allegations that R.M. and the stepdaughter were engaged in sexual relations with each other. Berry then recommended that R.M. should be placed with Mother.

The trial court, in its findings and conclusions of law, discussed the changed circumstances addressed in the Supplemental GAL Report. The trial court also found that "Mother's struggle with depression is lessening given her new home environment." Appellant's App. p. 59. The trial court then concluded that there was "not a substantial change in one or more of the factors that the Court may consider under *Ind. Code* § 31-14-13-2" and that it was not in R.M.'s best interests that custody be modified to Father. Appellant's App. p. 46. On August 31, 2012, the trial court held that Father's Petition to Modify was denied and that Mother should retain primary physical custody of R.M. Id. On September 6, 2012, Father filed a Motion to Strike the Supplemental GAL Report and a Motion to Stay Enforcement. The trial court denied both of these motions on September 17, 2012.

**Discussion and Decision**

Father argues that the trial court abused its discretion by denying him due process, because the court considered the Supplemental GAL Report that was filed after the close of evidence. Father asserts that he "was not given an opportunity to review the GAL report[,]" "was not give any opportunity to cross examine the GAL[,]" and "was given no

4

opportunity to investigate and provide rebuttal evidence to the . . . information alleged by the GAL." Appellant's Br. at 9-10.

We review a trial court's child custody modification decision for an abuse of discretion "with a preference for granting latitude and deference to our trial judges in family law matters." Werner v. Werner, 946 N.E.2d 1233, 1244 (Ind. Ct. App. 2011) (citations and internal quotation marks omitted), trans. denied. An abuse of discretion occurs if the trial court's decision is "clearly erroneous and contrary to the logic and effect of the evidence." Spencer v. Spencer, 684 N.E.2d 500, 501 (Ind. Ct. App. 1997). "We do not reweigh evidence nor reassess witness credibility, and we consider only the evidence which supports the trial court's decision." Id.

"Child custody proceedings implicate the fundamental relationship between parent and child, so procedural due process must be provided to protect the substantive rights of the parties." Bowman v. Bowman, 686 N.E.2d 921, 924 (Ind. Ct. App. 1997) (citing Brown v. Brown, 463 N.E.2d 310, 313 (Ind. Ct. App. 1984)). Under Indiana Code subsection 31-17-2-12(c), a GAL's report must be mailed "to counsel and to any party not represented by counsel at least ten (10) days before the hearing." See also Bowman, 686 N.E.2d at 924 ("Because such reports may contain information and suggestions prejudicial to the claim of one or both of the parties, the statute also requires that the parties or their counsel be given copies of the reports ten days before the proceeding so that they may be prepared to cross-examine the person who compiled the report, or challenge the sources of the information in the report."). This subsection further provides that any party is permitted to call the investigator, and any party consulted by the

investigator, for cross-examination. When a trial court considers reports in making its determination, "the parties should have the opportunity to examine their veracity and the probity of their conclusions." Jendreas v. Jendreas, 664 N.E.2d 367, 370 (Ind. Ct. App. 1996)

Here, Berry submitted the Supplemental GAL Report *after* the hearing, and no additional hearing was held in regard to the Supplemental GAL Report. The trial court then, without a hearing, issued a final order dated August 31, 2012 and referenced the Supplemental GAL Report in its findings. Thus, Father was not given an opportunity to cross-examine Berry and was not given the opportunity to challenge the "veracity" or the "probity" of Berry's conclusions. Due process requires that Father be given this opportunity. See Jendreas, 664 N.E.2d at 370.

Mother acknowledges that Father should have been granted a hearing following receipt of the Supplemental GAL Report, Appellee's Br. at 5, but argues that even if the trial court abused its discretion by failing to hold a hearing in regard to the report, this error was harmless. We disagree. In the Supplement GAL Report, Berry changed her recommendation for placement of R.M. from Father to Mother, and the trial court relied on this report in its findings. Specifically, the trial court noted in its Order that Berry had "filed a supplemental report in which she explained that instability had developed in R[]'s home with Father" and that allegations had arisen that R.M. and his stepsister were engaged in sexual relations with each other. Appellant's App. pp. 45-46. This information only appeared in the Supplemental GAL Report and was not elsewhere in the record.

For all these reasons, we conclude the trial court's consideration of the report was not harmless error. We reverse the trial court's decision and remand with instructions to hold a hearing on whether the Supplemental GAL Report should be admitted as additional evidence.[1]

## Conclusion

We conclude that the trial court abused its discretion by failing to hold a hearing regarding the Supplemental GAL Report and that this was not harmless error. Therefore, we remand with instructions to hold a hearing in regard to the Supplemental GAL Report and to reconsider Father's Petition to Modify Custody in light of that hearing and all other evidence introduced concerning that petition.

Reversed and remanded.

MAY, J., concurs.

BAKER, J., concurs in part and dissents in part with separate opinion.

---

[1] Father also argues that the trial court erred in concluding that there had been not been a substantial change in circumstances and that modification was not in R.M.'s best interest. Because we find the first issue dispositive and remand for a new hearing, we need not address whether the trial court erred in this regard.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE PATERNITY OF<br>R.M., a minor | ) | |
| | ) | |
| B.M., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1209-JP-441 |
| | ) | |
| A.T., | ) | |
| | ) | |
| Appellee. | ) | |

**BAKER, Judge, concurring in part and dissenting in part,**

I agree that the trial court erred by considering the Supplemental GAL Report without offering Father an opportunity to challenge the veracity and probity of the information therein. However, I part ways with the majority's determination that the judgment must be reversed and remanded as a result. In my view, notwithstanding the report, there was sufficient evidence to support the trial court's denial of Father's petition because there had not been a substantial change in one or more of the child custody factors.

Although the trial court's findings reflect that Mother had experienced some problems with housing and mental health, which caused her to be unable or unwilling to

provide R.M. with necessary education at the time that R.M. was made a child in need of services (CHINS), the findings also reflect that Mother had significantly corrected these problems prior to the hearing on Father's modification petition. Appellant's App. p. 44-45. And because this latter finding was supported by evidence in the record, tr. p. 43-45, 59, 63, 97, I find no error with the trial court's conclusion that no substantial change had in fact occurred.

Moreover, as the petitioner, Father had the burden of proving that a change in custody would be in R.M.'s best interests. However, Father failed to meet this burden as evidenced by the trial court's findings that Mother had been R.M.'s primary caregiver for eight years and that Mother had corrected many of the problems that had resulted in R.M.'s temporary placement with Father. Appellant's App. p. 44-45; Tr. p. 41-45, 48, 59, 63, 81, 97. As I see it, the trial court's conclusion that a change in custody would not serve R.M.'s best interests was supported by these findings, and Father's arguments otherwise are merely a request to reweigh the evidence, which we may not do. Spencer v. Spencer, 684 N.E.2d 500, 501 (Ind. Ct. App. 1997).

Accordingly, it is my view that any error in the trial court's consideration of the Supplemental GAL Report was harmless, and I would affirm the judgment of the trial court.